UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMES CARL LISSADE

Plaintiff,

v.

RICHARD CLOSS, FLOYD BENNETT FIELD PARK POLICE, and CASINO TOWING SERVICE INC.

Defendants.

**MEMORANDUM & ORDER**
26-CV-1966 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff James Carl Lissade, proceeding *pro se*, commenced this action against the Floyd Bennett Field Park Police ("U.S. Park Police"), U.S. Park Police employee Richard Closs ("Closs") (together, the "Federal Defendants"), and Casino Towing Service Inc. ("Casino Towing") by filing a complaint in state court. *See* ECF No. 1-1 (Complaint; "Compl.").[1] The Federal Defendants then filed a notice of removal on April 2, 2026, bringing the action in front of the Court. *See* ECF No. 1 (Notice of Removal). Plaintiff brings claims arising from a purported agreement between the parties, which Plaintiff alleges Defendants breached. *See* Compl. at 2–3.[2] For the reasons set forth below, the Court DISMISSES without prejudice the claims against the Federal Defendants for lack of subject matter jurisdiction, and REMANDS the

[1] Unless otherwise indicated, when quoting cases and Plaintiff's Complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2] This action follows a closely related federal action Plaintiff commenced on December 5, 2025, arising from the towing of his vehicle. In the related action, this Court dismissed Plaintiff's claims with prejudice and declined supplemental jurisdiction over his state law claims. *See Lissade v. Closs*, No. 25-cv-6767, ECF No. 4 (E.D.N.Y. May 5, 2026).

remaining state law claims against Casino Towing to the Supreme Court of the State of New York, County of Kings.

## **BACKGROUND**[3]

On December 31, 2025, Plaintiff filed a *pro se* complaint against Defendants in the Supreme Court of the State of New York, Kings County. *See generally* Compl. Plaintiff alleges that he and Defendants are parties to an October 10, 2025, contract, which Defendants allegedly breached resulting in $2,784,280.00 in damages. *Id.* at 2–3. This figure appears to be the sum of the following damages calculation: a "Performance fee of $1,086 per minuet [sic] 8 hour [sic] which equals $521,280"; "Orders and Demands which equals (1 million Dollars)"; "Writing response which equals (29 thousand Dollars)"; "Levy of Property which equals (300 thousand dollars)"; "Theft of property (69 thousand dollars) and 50 thousand daily fees"; "Conspiracy which equals (200 thousand dollars)"; "breach of peace which equals (500 thousand dollars)"; lock [sic] of full discloser [sic] which equals (115 thousand dollars)"; "Failure to disclose contract which equals (50 thousand dollars)"; and "Theft of property forced removal which equals (70 thousand dollars)." *Id.* ¶ 4. Plaintiff claims that he delivered the contract terms and other related documents to Defendants on August 25, 2025—nearly two months before the contract was allegedly finalized. *Id.* ¶ 3. The purported contract is not included in the Complaint.

---

[3] The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

The Complaint seeks the return of a "2006 Gray Dodge Caravan" and "judgment against defendant[s] in the sum of $559,640,280.00 with the 200% interest for frailer [sic] to pay in a timely manner." *Id.* ¶¶ 2, 6.

The Federal Defendants removed the case to federal court on April 2, 2026, on the basis that the Complaint names two federal defendants, noting that "this is an action in tort and for replevin." *See* ECF No. 1 ¶¶ 1–2.

**<u>LEGAL STANDARD</u>**

A *pro se* complaint must be construed liberally and held to less stringent standards than pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a plaintiff proceeding *pro se* must establish that the Court has subject matter jurisdiction over the claims asserted. "[S]ubject matter jurisdiction functions as a restriction on federal power. Federal courts may not proceed at all in any cause without it." *Vera v. Republic of Cuba*, 867 F.3d 310, 315–16 (2d Cir. 2017). In an action removed from state court, the absence of subject matter jurisdiction generally requires remand pursuant to 28 U.S.C. § 1447(c).

Moreover, "a federal district court cannot exercise supplemental jurisdiction over state-law claims unless it has subject-matter jurisdiction over the federal claims originally presented." *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 396 (2d Cir. 2017); *see also* 28 U.S.C. § 1367(a). In an action removed from state court, where the district court determines that subject matter jurisdiction is lacking, 28 U.S.C. § 1447(c) generally requires remand rather than dismissal. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87–89 (1991).

## DISCUSSION

### I. Claims Against the U.S. Park Police

The U.S. Park Police is part of the National Park Service, an agency within the United States Department of the Interior. ECF No. 1 ¶ 1. Construing the Complaint liberally, to the extent Plaintiff seeks relief under the Federal Tort Claims Act ("FTCA"), the U.S. Park Police is not a proper Defendant in this action. It is well-settled that in FTCA actions, federal courts lack subject matter jurisdiction over federal agencies like the National Park Service. *See Joseph v. United States*, No. 22-cv-7007, 2024 WL 360663, at *6 (E.D.N.Y. Jan. 31, 2024). Rather, "[t]he only proper defendant in an FTCA action is the United States." *Id.* (quoting *Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 117 (S.D.N.Y. 2009)); *see also Levinson v. United States Fed. Bureau of Prisons, Metro. Corr. Ctr. New York*, 594 F. Supp. 3d 559, 568 (S.D.N.Y. 2022) (holding that the United States is the only proper defendant in an FTCA action). It, therefore, follows that the U.S. Park Police, which is operated by the National Park Service, is not a proper Defendant in this action. Accordingly, Plaintiff's claims against the U.S. Park Police are dismissed for lack of subject matter jurisdiction.

### II. Claims Against Closs

Closs is an employee of the U.S. Park Police, and the Complaint does not allege that Closs entered into an agreement with Plaintiff personally or otherwise undertook any separate personal obligation. ECF No. 1 ¶ 1; Compl. at 2. The allegations concerning the purported contractual arrangement and resulting liability are instead directed collectively at Defendants, without identifying any conduct attributable to Closs individually. Compl. at 2. Therefore, the Court concludes that Plaintiff purports to assert claims against Closs in his official capacity and, for the reasons stated in Part I, Closs is not a proper Defendant in this action. *See also Spinale*,

621 F. Supp. 2d 112, 117 (S.D.N.Y. 2009), *aff'd*, 356 Fed. Appx. 465 (2d Cir. 2009) ("[T]he only proper defendant in an FTCA action is the United States, and not a federal agency or individual employees of a federal agency."). Accordingly, Plaintiff's claims against Closs are also dismissed for lack of subject matter jurisdiction.

### III. Remaining State Law Claims

The remaining claims against Casino Towing arise under New York law. *See id.* at 2–3. Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Chinniah v. FERC*, 62 F.4th 700, 703 (2d Cir. 2023) (quoting *Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013)). Accordingly, the remaining state law claims against Casino Towing are REMANDED to the Supreme Court of the State of New York, County of Kings.

### IV. Caution on Future Frivolous Filings

The Court notes that Plaintiff has pursued multiple meritless proceedings arising from the same or similar underlying events, including the related federal action in which constitutional claims were previously dismissed with prejudice. *See Lissade v. Closs et al*, No. 25-cv-6767, ECF No. 4 (E.D.N.Y. May 5, 2026). Although the present action was removed before that judgment was issued, and the order in the related federal action expressly preserved Plaintiff's state law claims, the Court warns Plaintiff that if he continues to file frivolous actions in federal court, or claims in state court that are subject to removal to federal court, the Court may impose sanctions including "restrictions on future access to the judicial system." *See Hong Mai Sa v.*

*Doe*, 406 F.3d 155, 158 (2d Cir. 2005); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528–29 (2d Cir. 2005); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23–24 (2d Cir. 1986).

**CONCLUSION**

For the foregoing reasons, Plaintiff's claims against Floyd Bennett Field Park Police and Richard Closs are DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

The remaining state law claims against Casino Towing are REMANDED to the Supreme Court of the State of New York, County of Kings, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to (i) mail a copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Kings, (Index No. 1243/25) and close this case and (ii) mail a copy of this Order to Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 23, 2026